*C. A. Johnson*, for the defendant.

---

### EBENEZER EATON KITTRIDGE v. EUGENE LANDRY.

APPEAL from the District Court of Assumption, *Deblieux*, J.

*Connely*, for the appellant.

*C. A. Johnson*, for the defendant.

*Bodin*, for the warrantor.

GARLAND, J. This case has been before us more than once. See 2 Robinson, 72.

When last before us, the question of title to the land in controversy was finally settled, and the case remanded to adjust the damages in relation to improvements, rents, fruits, &c., which had not been passed on. The case was tried by a jury, and the judge instructed them, that, in making up their verdict, they must, *first* ascertain the augmented value of the land from clearing it; *secondly*, the value of the fence left on it by the defendant; and from these two sums, deduct the amount of rent the defendant should pay for the use of the land from the institution of the suit. The jury found a verdict for the defendant for $292 50, upon which the court, after refusing a new trial, gave a judgment against the plaintiff, from which he has appealed, on account of damages being allowed to the defendant, and also because the court refused to give him a judgment against his warrantor, Lazare Hébert, for the said damages.

No exception has been taken to the charge of the judge to the jury, and it appears to us reasonable and legal. We have carefully examined the evidence; and, adopting the average value, by which the witnesses say that the land has been enhanced by clearing it, adding thereto the value of the fence left on the premises, and deducting therefrom the rent, at the rate of $3 per acre per annum, our calculation approaches very nearly to the sum found by the jury. The land was all clear-

ed, and the fence made before the plaintiff commenced his suit. He knew when he purchased the land that the defendant was living on it, and had been living there for several years; he permitted him to remain there more than two years after the purchase, as tenant, as was shown on one of the previous trials, and of which fact the plaintiff availed himself to get clear of the plea of prescription. Under all these circumstances, and in consideration of the great addition which the piece of land, according to the plaintiff's own allegations, makes to his whole tract, we think he has no serious ground for complaint.

As to the claim which the plaintiff sets up against Lazare Hébert, his vendor and warrantor, that he should pay the damages allowed, we are clearly of opinion that there is no foundation for it. He has the use of the fence which the defendant put on the premises, and possession of the land, the value of which has been enhanced by his adversary's labor; and it is not just, that he should have both, and compel his warrantor to pay for them.

*Judgment affirmed.*